UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 25-cr-10395-DJC |
| | ) | |
| ERIC BANKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Eric Banks pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and five counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). This Court scheduled sentencing for the Defendant for February 24, 2026. For the reasons set forth below and to be articulated at the sentencing hearing, the Government believes that a sentence of 33 months imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $600 special assessment, restitution of $2,470,982.87, and forfeiture is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

The Defendant was arrested in this matter on June 6, 2025. Presentence Investigation Report ("PSR") at ¶ 1. On November 12, 2025, the Defendant waived indictment and pled guilty to a six-count indictment charging him with bank fraud in violation of 18 U.S.C. § 1344 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). PSR ¶ 2.

## I. CHARGED CONDUCT

On May 23, 2023, the U.S. Treasury issued a check for $1,127,331.80 made payable to an entity in New York called 1st Class Care Services Inc. PSR ¶ 8. The check was issued for an Employee Retention Tax Credit pursuant to tax forms filed for the first quarter of 2021. PSR ¶ 8.

Around two weeks after the check was issued, on June 6, 2023, articles of incorporation for an entity based in Massachusetts called 1st Class Care Services Inc. were filed. PSR ¶ 9. On August 9, 2023, the Massachusetts-based 1st Class Care Services Inc. filed a statement of change listing Defendant as the President, Treasurer, Secretary, Vice President, and Registered Agent for the business. PSR ¶ 9. The IRS assigned an Employee Identification Number ("EIN") ending 6151 to the Massachusetts-based 1st Class Care Services Inc. PSR ¶ 9.

On August 12, 2023, Defendant opened a bank account for 1st Class Care Services Inc. using the EIN ending 6151. PSR ¶ 10. At some point in time, Defendant obtained the U.S. Treasury check for $1,127,331.80 knowing it did not belong to him or the 1st Class Care Services Inc. entity he created. PSR ¶ 11. On August 31, 2023, Defendant deposited the U.S. Treasury check for $1,127,331.80 into the 1st Class Care Services Inc. bank account he opened. PSR ¶ 11. The address on the check was altered from the original, valid New York address to reflect the Boston, Massachusetts address for the 1st Class Care Services Inc. created in Massachusetts and controlled by Defendant. PSR ¶ 11.

After depositing this check, that Defendant knew had been fraudulently obtained, Defendant engaged in a number of transactions with the illegally obtained proceeds, that Defendant knew were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds. PSR ¶ 12. Those transactions included the following:

- September 8, 2023 — Defendant obtained a $90,000 official check payable to another entity with a memo that said "ERIC BANKS." PSR ¶ 12.
- September 9, 2023 — Defendant obtained a $152,000.95 official check payable to another entity with a memo that said "ERIC BANKS." PSR ¶ 12.
- September 12, 2023 — Defendant wired $226,600 to another entity to which multiple defendants involved in this scheme sent money. PSR ¶ 12.
- September 15, 2023 — Defendant obtained a $223,995.32 official check made payable to another entity with a memo that said "Materials." PSR ¶ 12.
- September 19, 2023 — Defendant obtained a $200,000 official check made payable to another entity with a memo that said "Lumber." PSR ¶ 12.

## II. ADDITIONAL, UNCHARGED CONDUCT

Defendant was also the controlling party of an entity created called Maximum Care Hospice. PSR ¶ 13. Defendant created bank accounts for Maximum Care Hospice at three different banks. PSR ¶ 13. While no stolen Treasury checks were deposited directly into any of these Maximum Care Hospice accounts, other people involved in this scheme transferred $1,308,000 from stolen Treasury checks to Maximum Care Hospice accounts. PSR ¶ 13. Defendant withdrew $1,297,500 of these funds, sending a significant amount of it to entities to which multiple defendants involved in this scheme sent money, as well as withdrawing $70,000 in cash. PSR ¶ 13.

## DISCUSSION

### *A. Sentencing Guidelines Calculation*

1. Total Offense Level

Probation has calculated the Defendant's total offense level as 20. PSR ¶ 28. This is based on a base offense level of seven (U.S.S.G. § 2B1.1(a)(1); a 16-point enhancement for causing a loss of $2,435,331.80 (U.S.S.G. §2B1.1(b)(1)(I)); a two-point enhancement for being convicted of violating 18 U.S.C. § 1956 (U.S.S.G. §2S1.1(b)(2)(B)); a two-point reduction for being a zero-point offender (U.S.S.G. §4C1.1); and a three-point reduction for acceptance of responsibility (U.S.S.G. §3E1.1(a), (b)). PSR ¶¶ 17-28. The Government agrees with this calculation.

2. Criminal History

Probation has calculated the Defendant's criminal history category as I, because the Defendant has no criminal convictions. PSR ¶¶ 30-33. The Government agrees with this calculation.

3. Guideline Range

Probation noted that the Guideline Range for a total offense level of 20 and Criminal History Category I is 33-41 months. PSR ¶ 58. The Government agrees with this calculation.

### *B. Application of the Section 3553(a) Factors*

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment

for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available and the Guidelines Sentencing Range ("GSR"). Here, the Government believes that the proposed sentence of 33 months imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $600 special assessment, restitution of $2,470,982.87, and forfeiture is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

The Defendant helped orchestrate the theft of nearly $2.5 million of government funds. The conduct was not impulsive, but rather involved multiple steps and forethought. The Defendant, at a minimum, helped form business entities, helped obtain EINs for these entities, and went to financial institutions to open bank accounts for these entities before depositing the stolen Treasury check. The Defendant then repeated this conduct to create another entity and multiple other bank accounts that were used to transfer funds from additional stolen Treasury checks. The government anticipates that the Defendant will attempt to minimize his role, as indicated by Defendant's objection to the PSR seeking a three-level reduction in offense level for playing a "minor role." However, over $700,000 in cash was withdrawn from the accounts Defendant set up in this case. Some of those withdrawals were done electronically, and could have been conducted by other people. But, these electronic transactions could not have been completed without the assistance of Defendant opening the bank accounts and then sharing the information to access the accounts. Further, bank records show that a significant amount of the cash withdrawals were conducted by the Defendant. At least $209,000 of the cash withdrawals are connected to the Defendant. It is unclear what Defendant did with that money. Defendant's counsel argues that based on Defendant's meager current assets, he received a minimal benefit.

However, this is purely conjecture. Defendant could have used the cash for myriad purposes that did not result in the accrual of assets. Given the repeated nature of the conduct and the amount of planning and thought that was required to commit these crimes, a serious penalty is justified.

A serious penalty is also warranted to promote respect for the law. As detailed above, these were not poor decisions made in the heat of the moment, but rather the result of meticulous planning. The amount of money involved here is also staggering. An intentional plan to steal nearly $2.5 million from the government warrants a serious penalty.

The Defendant has no criminal history and did not report any substance abuse issues. PSR ¶ 49. The Defendant also reported that he had a stable childhood. PSR ¶¶ 40-43. The Defendant offered no insight into any mitigating factors that motivated him to commit these crimes. Other than his age, there are no apparent mitigating factors in this case based on the history and characteristics of the Defendant.

Balancing all of the factors here, the Government believes that its proposed sentence of 33 months imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $600 special assessment, restitution of $2,470,982.87, and forfeiture is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Therefore, the Government requests that the Court impose its recommended sentence.

Respectfully submitted,

LEAH B. FOLEY
Acting United States Attorney

*/s/ Brian J. Sullivan*
Brian J. Sullivan
Assistant United States Attorneys
John J. Moakley U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3100
brian.sullivan@usdoj.gov

Date: February 22, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Brian J. Sullivan*
BRIAN J. SULLIVAN
Assistant United States Attorney

Dated: February 22, 2026